# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LEWIS E. BARNETT, | DOCKET NUMBER |
| Appellant, | DC-0752-23-0333-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: August 6, 2024 |
| Agency. | |

## THIS ORDER IS NONPRECEDENTIAL[1]

Lewis E. Barnett, Columbia, Maryland, pro se.

Barbara Burke, Esquire, Brooklyn, New York, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision, and REMAND the case to the New York Field Office for further adjudication in accordance with this Remand Order.

¶2    The administrative judge found that, prior to filing his Board appeal on March 9, 2023, the appellant's union, purportedly acting on the appellant's behalf, made a binding election on February 2, 2023, to contest a January 26, 2023 removal decision through a negotiated grievance procedure. Initial Appeal File (IAF), Tab 18, Initial Decision at 3-4.  The administrative judge concluded that, pursuant to 5 U.S.C. § 7121(e), this election of grievance procedures precluded his later Board appeal regarding his removal.  *Id.*  For the following reasons, we find that the agency made its operative removal decision on February 10, 2023, and that his Board appeal is not precluded by the grievance process that occurred prior to that date.

¶3    By letter dated December 28, 2022, the agency proposed to remove the appellant.  IAF, Tab 1 at 7-12, Tab 8 at 8-13.  The appellant maintains that he was not presented with the notice until January 5, 2023.  IAF, Tab 14 at 4.  On January 26, 2023, the agency issued a decision to remove the appellant effective February 7, 2023.  IAF, Tab 1 at 3, 42-44, Tab 8 at 5-7.  The removal decision stated that the appellant had chosen not to provide a written or oral reply to the notice of proposed removal.  IAF, Tab 1 at 42, Tab 8 at 5.[2]

¶4    On February 2, 2023, the union filed a Step 3 grievance, purportedly on behalf of the appellant.  IAF, Tab 17 at 10.  In the grievance filing, the union representative asserted that the appellant had been incapacitated during the time allowed for him to respond to the notice of proposed removal and that the agency made the decision to terminate him after being notified of his incapacitation.  *Id.* The union representative argued that, in ignoring the appellant's incapacitation, the agency denied him his due process rights.  *Id.*  The union representative asked

---

[2] With his initial appeal, the appellant filed a document dated January 24, 2023, that appears to be a written response to the notice of proposed removal.  IAF, Tab 1 at 13-17.  For purposes of this order, deciding the election of remedies issue, we make no findings on whether or when this document was provided to the agency.

the agency to reverse the termination and provide the appellant with "his right to due process." *Id.*

¶5 A grievance meeting was held on February 8, 2023, during which the appellant requested to rescind his grievance and provide an oral reply instead. IAF, Tab 8 at 4, Tab 14 at 4-6, Tab 17 at 14. Per an email memorializing the meeting, it seems that the agency's Medical Center Director agreed to provide a decision by the end of the week based on the appellant's reply. IAF, Tab 17 at 14. On February 10, 2023, the union submitted a short, written statement to the Medical Center Director memorializing the recission of the grievance and stating that "Mr. Barnett on his own accord, rescinded his grievance and provided an oral response instead." *Id.* at 12.

¶6 On February 10, 2023, the Medical Center Director issued a memorandum bearing the subject line "Oral Reply Decision." IAF, Tab 8 at 4. The memorandum noted the appellant's request to rescind his grievance and provide an oral response to the notice of proposed removal. *Id.* The Medical Center Director further wrote, "I have carefully considered your oral reply and it is my decision that the sustained charges and the effective date of your removal remain as indicated in the letter dated January 26, 2023." *Id.*

¶7 Based on the foregoing, we find that the agency decided to consider and did consider the appellant's oral reply on February 8, 2023, in making its final decision to remove the appellant. Thus, we find that, for election of remedies purposes, the agency's final removal decision was made on February 10, 2023, when the Medical Center Director issued his "Oral Reply Decision." *Id.* Based on the record before us, the first relevant action the appellant took to challenge the removal decision after that date was to file a Board appeal on March 9, 2023. There is no indication of any grievance activity after the February 10, 2023 decision. Under these circumstances, we find that the invocation of the grievance process on or about February 2, 2023, which resulted in the appellant being allowed to submit an oral reply regarding the proposed removal action, does not

preclude the appellant's Board appeal regarding the agency's subsequent final removal decision. *Cf. Galloway v. Social Security Administration*, 111 M.S.P.R. 78, ¶¶ 18-20 (2009) (finding, for purposes of an election of remedies under 5 U.S.C. § 7121(d), that, pursuit of a remedy in one forum regarding a proposed removal did not preclude a later challenge to the actual removal action in another forum, absent a clear showing that the parties intended the ongoing process in the first forum to encompass the final removal action).

¶8        The parties have disputed whether the union's initiation of the grievance process was truly on the appellant's behalf and thus binding on the appellant, and the appellant has asserted that he did not pursue a formal grievance with his union representative at any time. IAF, Tab 14 at 6. In addition, the agency has argued that the appellant's decision to rescind the grievance on February 8, 2023, does not invalidate the prior binding election of grievance procedures. IAF, Tab 17 at 7. We need not decide these issues given our decision that the agency did not render its final removal decision until February 10, 2023. The agency, in effect, reopened its consideration of the notice of proposed removal to consider the appellant's reply. On the facts of this case, the appellant was not thereafter bound to elect the grievance process regarding the agency's subsequent removal decision.

**ORDER**

¶9     For the reasons discussed above, we remand this case to the New York Field Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:          *Gina K. Grippando*
                        _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.